IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02982-BNB

THOMAS STOCKS,

     Plaintiff,
v.

LT. NATHAN FOGG,
SGT. MICHAEL MORRIS,
DEPUTY P. BOLTE,
MICHAEL BALDING,
DEPUTY LITWEITER,
JOHN WEILER,
DEPUTY ANTILLA, and
SGT. CHRISTOPHER GABRIEL,

     Defendants.

## ORDER OF DISMISSAL

     Plaintiff, Thomas Stocks, currently resides in Aurora, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Complaint pursuant to 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 1367(a). Plaintiff was granted leave to proceed pursuant to 28 U.S.C. § 1915. On December 2, 2013, Magistrate Judge Boyd N. Boland entered an order that directs Plaintiff to amend the Complaint and cure certain deficiencies. Specifically, Magistrate Judge Boland ordered Plaintiff to explain what each defendant did to him, when the defendant it, how the defendant's action harmed him, and what specific legal right he believes the defendant violated. Plaintiff also was directed to use a Court-approved form when filing the Amended Complaint as he is required to do by

the Local Rules of Practice of the United States District Court for the District of Colorado.  (Effective December 1, 2013, the requirement to use a Court-approved form is found under Rule 5.1(c), rather than under Rule 8.1, where the requirement was found prior to December 1, 2013.)  Plaintiff was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On January 2, 2014, Plaintiff filed a Motion for Extension of Time and asked for a three-week extension to address the deficiencies.  Magistrate Judge Boland denied the Motion because Plaintiff is a prolific litigant, has filed five cases in this Court since April 2013, and is capable of asserting personal participation by named defendants and submitting his claims on a Court-approved form without requiring three weeks to do so. Magistrate Judge Boland directed Plaintiff to comply by January 10, 2014 with the December 2, 2013 Order to Amend, which Plaintiff has done.

The Court has reviewed the Amended Complaint.  Plaintiff has failed to use a Court-approved form as required. Furthermore, Plaintiff failed to state in each of the five listed claims specifically what each named defendant did to violate his rights.  In the Court-approved form a plaintiff is to state **briefly** the background of the case.  Plaintiff did not provide a brief background statement.  Under each listed claim, a plaintiff is required to state all supporting factual allegations, which includes what a named defendant specifically did to violate his rights.  Plaintiff did not comply with this requirement.  Plaintiff provides a nine-page narrative of events separate from his claims and directs the Court to refer to these nine pages to determine which events pertain to each of the five listed claims.

Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "an unrepresented prisoner or party shall use the forms and procedures posted on the [C]ourt's website." Plaintiff did not use the form posted on the Court's website. The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (no abuse its discretion in dismissing civil rights action without prejudice for noncompliance with local rules requiring prisoner to use court-approved form to file complaint); *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (within district court's discretion and no violation of equal protection rights to dismiss prisoner's complaint for failure to use court-approved forms pursuant to local rule); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (not abuse of district court's discretion or a constitutional violation to dismiss prisoner complaint for repeated refusal to file complaint on court-approved prisoner complaint pursuant to local court rule); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (not abuse of discretion to dismiss prisoner action where inmate failed to file habeas corpus application on proper form); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) ( failure to comply with local rule requiring  *pro se* prisoners to use court-approved form to file action not nonwillful, and prisoner's failure to use required form supported dismissal of action).  Because Plaintiff has elected not to use the Court-approved form

he has not complied with the December 2, 2013 Order.  The Court, therefore, will dismiss the action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the December 2, 2013 Order and to prosecute within the time allowed.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   16th   day of    January        , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court